I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _Aug 7, 2009_

_____
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

AUG - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

|  |  |
|---|---|
| FRANK JUAN RIVERA,<br><br>              Petitioner,<br><br>     v.<br><br>KATHY MENDOZA-POWERS,<br><br>              Respondent. | Case No. CV 09-04873 ABC (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Frank Juan Rivera ("Petitioner"), a state prisoner proceeding *pro se.*[1/] The Petition is brought pursuant to 28 U.S.C. § 2254 and it principally challenges the denial of his parole that was made by a panel of the Board of Prison Terms ("Board") following a parole hearing on March 1, 2006. For the reasons set forth below, Petitioner is ordered

---

[1/]    The Petition is 34 pages in length. (Dkt. #1.)  These pages are not consecutively numbered from the first page in violation of the pagination requirements of Local Rule 11-3.3. Consequently, for convenience and clarity, this Order to Show Cause ("OSC") shall cite to the pages of Petitioner's foregoing papers by referring to the electronic pagination supplied by the Court's CM/ECF official electronic document filing system.

1  to show cause why his Petition should not be dismissed with prejudice because it is
2  time-barred.

3
4                                **II. DISCUSSION**
5  **A.    Standard of Review**
6       Rule 4 of the Rules Governing Section 2254 Cases in the United States District
7  Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas
8  petition and "[i]f it plainly appears from the petition and any attached exhibits that the
9  petitioner is not entitled to relief in the district court, the judge must dismiss the
10 petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court
11 also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of
12 habeas corpus, and if it plainly appears from the face of the petition and any exhibits
13 annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may
14 prepare a proposed order for summary dismissal and submit it and a proposed
15 judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas
16 petition may be dismissed *sua sponte*, however, the district court must give the
17 petitioner adequate notice and an opportunity to respond before doing so. *Day v.*
18 *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d
19 1039, 1043 (9th Cir. 2001).
20 **B.    Statute of Limitations**
21      The Petition is governed by the Antiterrorism and Effective Death Penalty Act
22 of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state
23 prisoners to file a habeas petition in federal court, because the Petition was filed after
24 April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v.*
25 *Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997); *Jeffries v. Wood*, 114 F.3d
26 1484, 1498 (9th Cir. 1997) (en banc). In relevant part, § 2244(d)(1) provides:
27                 A 1-year period of limitation shall apply to an application
28                 for a writ of habeas corpus by a person in custody pursuant

1    to the judgment of a State court. The limitation period shall

2    run from the latest of --

3        (A) the date on which the judgment became

4        final by the conclusion of direct review or the

5        expiration of the time for seeking such review;

6        ... or

7        (D) the date on which the factual predicate of

8        the claim or claims presented could have been

9        discovered through the exercise of due

10       diligence.

11   Where, as here, the petition challenges a denial of parole rather than a state

12   court judgment, § 2244's one-year limitation period still applies and the date the

13   statute of limitations begins to run is determined under subparagraph (D) of §

14   2244(d)(1) -- the date when the factual predicate of the claim could have been

15   discovered by the petitioner through the exercise of due diligence. In parole cases,

16   this date is typically the date the parole denial became final. *See Shelby v. Bartlett*,

17   391 F.3d 1061, 1066 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir.

18   2003) (limitations period began to run when parole board denied prisoner's

19   administrative appeal challenging the parole board's decision that he was unsuitable

20   for parole); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (limitations

21   period generally begins to run "when the prisoner knows (or through diligence could

22   discover) the important facts, not when the prisoner recognizes their legal

23   significance."); *Solorio v. Hartley*, 591 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008); *see

24   also James v. Mendoza-Powers*, No. 1:09-cv-00426-AWI-DLB (HC), 2009 WL

25   2058528, at *2-*3 (E.D. Cal. July 14, 2009); *Quiros v. Mendoza-Powers*, No. CV

26   06-6159 RGK (JWJ), 2009 WL 1519411, at *3-*4 (C.D. Cal. May 29, 2009);

27   *Feliciano v. Curry*, No. C 07-4713 CW (PR), 2009 WL 691220, at *2 (N.D. Cal. Mar.

28   10, 2009); *Ramirez-Salgado v. Scribner*, No. 08cv562-WQH-WMc, 2009 WL 211117,

1   at *4 (S.D. Cal. Jan. 22, 2009).  Subparagraph (A) of § 2244(d)(1) does not apply in

2   parole cases because the Board's decision constitutes an administrative ruling, not a

3   state court judgment. *Redd*, 343 F.3d at 1081-82; *see also Shelby*, 391 F.3d at 1066

4   (citing *Redd*'s holding that "§ 2244(d)(1)(D) -- rather than subsection (A) -- [applies]

5   to habeas petitions that challenge administrative bodies such as parole and disciplinary

6   boards.")

7          Notably, at the time *Redd* was decided on September 11, 2003, California

8   prisoners could challenge the board's adverse parole decision by seeking an

9   administrative appeal from a final decision of the board. *See* Cal. Code Regs. tit. 15,

10  § 2050 *et seq*. (2003).  On May 1, 2004 -- almost 2 years before Petitioner's disputed

11  parole hearing took place on March 1, 2006 -- the California Legislature repealed and

12  abolished the administrative appeals process. *See* Cal. Code Regs. tit. 15, § 2050 *et*

13  *seq*. (2004).  However, under the California Code of Regulations, a board's initial

14  hearing decision to deny, grant, or modify parole for a life prisoner eligible for parole

15  is considered a "proposed decision" that is subject to internal administrative review

16  by the board's chief counsel or a designee for a 120 day period following the hearing.

17  Cal. Code Regs. tit. 15, §§ 2041(a), (h); 2043 (2004); *see also* Cal. Penal Code §

18  3041(b) ("any decision of the parole panel finding an inmate suitable for parole shall

19  become final within 120 days of the date of the hearing.  During that period, the board

20  may review the panel's decision.").  In the absence of any intervening change or

21  modification by the board's chief counsel or designee, the proposed decision becomes

22  "final" on the 120th day following the date of the hearing decision and is no longer

23  subject to any further administrative review by the board. *Id*.; *see also Tidwell v.*

24  *Marshall*, 620 F. Supp. 2d 1098, 1100-01 (C.D. Cal. 2009); *Leon v. Hartley*, No.

25  1:09-cv-00445-AWI-DLB (HC), 2009 WL 2043351, at *2-*3 (E.D. Cal. July 10,

26  2009); *Guzman v. Curry*, No. C 08-2066 SI (pr), 2009 WL 1468723, at *1 (N.D. Cal.

27  May 22, 2009).

28          The *Redd* panel further emphasized this is true even though a petitioner's claim

Page 4

may technically still be unexhausted within the meaning of AEDPA:

> AEDPA . . . clearly contemplates that for habeas claims falling under § 2244(d)(1)(D), the statute of limitations will begin to run before exhaustion of state remedies and thus before the federal petition can be filed.
>
> * * * *
>
> Thus, the date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is not determined by asking when Redd satisfied AEDPA's exhaustion requirement; rather, it is determined independently of the exhaustion requirement by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence. This occurred when the Board denied Redd's administrative appeal.

*Redd*, 343 F.3d at 1082-84.

Here, the face of the Petition, accompanying memorandum of points and authorities, and attachments, show the Board's adverse decision was made at the end of the March 1, 2006 hearing, and it constituted a proposed decision until it became a final decision on the 120th day after the hearing; that is, June 29, 2006. Consequently, the factual predicate for Petitioner's parole claims accrued on this date, which is the date the Board's adverse parole decision became final from further administrative review by the Board. AEDPA's limitations period began running the next day, June 30, 2006, and ended one year later on June 29, 2007. *See Shelby*, 391 F.3d at 1065-66; *Redd*, 343 F.3d at 1084.

Petitioner missed the deadline because he did not sign and constructively file

the pending Petition until June 29, 2009[2/] -- 731 days (over 2 years) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling.

## C.    Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Moreover, a California prisoner must seek judicial review of an adverse prison disciplinary board decision by filing a state habeas petition because California does not provide for direct judicial review of adverse administrative decisions. *Redd*, 343 F.3d at 1079 (*citing In re Sturm*, 11 Cal. 3d 258 (1974)). Consistent with this principle, Petitioner sought judicial review of the Board's adverse parole decision.

Petitioner did not file his first state habeas petition with the California Supreme

---

[2/]    Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on July 7, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on June 29, 2009, the date he signed it. (Pet. at 30.)

1   Court until November 5, 2008, 495 days after the expiration of the limitation period.

2   (Official records of California courts.[3/])  Consequently, Petitioner is not entitled to

3   statutory tolling for any of his state habeas petitions because all of them were filed

4   long after the limitation period expired. *See Rivera (Frank) on H.C.*, No. S168068,

5   Cal. Supreme Ct. (filed Nov. 5, 2008, denied May 13, 2009); *In re Frank Rivera*, No.

6   B215247, Cal. App. Ct., 2d Dist./Div. 2 (filed Apr. 9, 2009, denied Apr. 28, 2009).

7   (*Id.*)  It is firmly established that to qualify for statutory tolling during the time the

8   petitioner is pursuing collateral review in the state courts, his *first* state habeas petition

9   must be constructively filed *before*, not after, the expiration of AEDPA's one-year

10   limitation period.   *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

11   ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended

12   before the state petition was filed"); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.

13   2003) (where a petitioner does not file his first state petition until after the eligibility

14   for filing a federal habeas petition has lapsed, "statutory tolling cannot save his

15   claim"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state

16   petition after AEDPA's one-year time period has elapsed bars federal habeas review);

17   *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that

18   is filed following the expiration of the limitations period cannot toll that period

19   because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001,

20   1003 (9th Cir. 2001); *see also Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D.

21   Cal. 2004); *Payne v. Adams*, No. CV 08-5297 FMC (FMO), 2009 WL 2241843, at *5

22   (C.D. Cal. July 22, 2009).

23        The face of the Petition, memorandum, attachments, and relevant state court

24   records establish that this Petition, constructively filed on June 29, 2009, is untimely

25

_____

26   [3/]   The Court takes judicial notice of Petitioner's records in the state appellate

27   courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov.
     *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take

28   judicial notice of relevant state court records in federal habeas proceedings).

1  by 731 days (the amount of untolled time between the limitation deadline (06/29/07)

2  and the Petition's constructive filing date (06/29/09)).

3  **D.   Equitable Tolling**

4      The United States Supreme Court has not yet decided whether AEDPA's

5  limitation period allows for equitable tolling but it has assumed, without deciding, that

6  it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336,

7  127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for

8  equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)

9  ("We have never squarely addressed the question whether equitable tolling is

10  applicable to AEDPA's statute of limitations").

11      Although the Ninth Circuit has found equitable tolling is available, *Harris v.*

12  *Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling

13  is justified in few cases," and that "the threshold necessary to trigger equitable tolling

14  [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*,

15  345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

16  2002) (same).  "This high bar is necessary to effectuate the 'AEDPA's statutory

17  purpose of encouraging prompt filings in federal court in order to protect the federal

18  system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065,

19  1068 (9th Cir. 2006).  Further, "[e]quitable tolling determinations are 'highly fact-

20  dependent.'"  *Id.*  The petitioner "bears the burden of showing that equitable tolling

21  is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir.

22  2005).

23      Moreover, in *Pace*, the Supreme Court clearly established that "a litigant

24  seeking equitable tolling bears the burden of establishing two elements: (1) that he

25  has been pursuing his rights diligently, and (2) that some extraordinary circumstance

26  stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s

27  diligence prong requires the petitioner to show he engaged in reasonably diligent

28  efforts to file his § 2254 petition throughout the time the limitation period was

1   running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d

2   Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking

3   equitable tolling must have acted with reasonable diligence throughout the period he

4   seeks to toll" and "extraordinary circumstances prevented him from filing his petition

5   on time"). Further, the petitioner must demonstrate that he exercised reasonable

6   diligence in attempting to file his habeas petition after the extraordinary circumstances

7   began otherwise the "link of causation between the extraordinary circumstances and

8   the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. Here, Petitioner's filings do

9   not set forth any facts that show he is entitled to relief under this provision.

10

11                                     **O R D E R**

12          Based on the foregoing, the Court finds the Petition is untimely. Accordingly,

13   Petitioner shall have until **August 20, 2009,** to file a written response and show cause

14   why his Petition should not be dismissed with prejudice because it is time-barred. In

15   responding to this Order, Petitioner must show by declaration and any exhibits what,

16   if any, factual or legal basis he has for claiming that the Court's foregoing analysis is

17   factually or legally incorrect, or that AEDPA's one-year statute of limitations should

18   be tolled, or the start date extended. If Petitioner contends he is entitled to tolling

19   because of a lack of access to the prison law library due to a purported lockdown or

20   some other state-created impediment, his written response must be supported by a

21   declaration from the warden or prison librarian verifying that the law library and

22   library materials were unavailable throughout the relevant time period because of the

23   lockdown or other stated reason. Further, Petitioner must demonstrate that, during the

24   time that access to the prison law library was allegedly unavailable, he made requests

25   for legal materials to be brought to his cell and those requests were denied.

26   ///

27   ///

28   ///

1   **Petitioner is warned that if a timely response to this Order is not made,**
2   **Petitioner will waive his right to do so and the Court will, without further notice,**
3   **issue an order dismissing the Petition, with prejudice, as time-barred.  Further,**
4   **if Petitioner determines the Court's above analysis is correct and the Petition is**
5   **clearly time-barred, he should file a Request For Voluntary Dismissal of this**
6   **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

7

8   IT IS SO ORDERED.

9

10  DATED: August 7, 2009                    _____/s/ Arthur Nakazato_____
11                                           ARTHUR NAKAZATO
                                             UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28